```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
DOMINIQUE PHILLIPS, and
THE WENDLER FAMILY,
                Plaintiffs,
                                          ORDER
          -against-                       21-CV-5681(JS)(ARL)

UNITED STATES POST OFFICE,
                Defendant.
---------------------------------X
APPEARANCES
For Plaintiffs:        Dominique Phillips, pro se
                       11 Mirin Avenue
                       P.O. Box 161
                       Roosevelt, New York 11575

For Defendant:         No appearances.
```

SEYBERT, District Judge:

On October 4, 2021, Dominique Phillips ("Phillips" or "Plaintiff"), proceeding pro se, commenced a purported wrongful death action by filing Complaint in this Court on behalf of himself and "The Wendler Family." (See Complaint, ECF No. 1.) The Complaint was signed only by Phillips, "Pro Se". (See id. at 3.) There is no indication that he is a licensed attorney or has been retained by The Wendler Family to represent it. Rather, in the accompanying Civil Cover Sheet, it indicates that both Phillips and "The Wendler Family" are proceeding without counsel. (See Civil Cover Sheet, ECF No. 1-1, Part I(c) (in section for identifying Plaintiffs Attorneys, stating "pro se").)

As an initial matter, "28 U.S.C. § 1654, which governs appearances in federal court, . . . allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" Lattanzio v. COMTA, 481 F.23d 137, 139 (2d Cir. 2007) (quoting Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks omitted)). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" Lattanzio, 481 F.3d at 139 (quoting Eagle Assocs.). Thus, while Phillips, a non-lawyer, may represent himself, he cannot represent "The Wendler Family" in this Court. Accordingly, any claims set forth in the Complaint on behalf of "The Wendler Family" are DISMISSED WITHOUT PREJUDICE.

Second, after Phillips paid the Court's filing fee on October 12, 2021, on October 15, 2021, the Court sent Phillips a letter together with: (1) a copy of the receipt of payment of the filing fee, and (2) an original, stamped and issued Summons (with a copy of same), with instructions for effecting service of the Summons and Complaint upon the Defendant. (See ECF No. 5.) To date, Plaintiff has not filed a return of service executed nor has the Defendant appeared in this action.

>Federal Rule of Civil Procedure 4(m) provides:
>
>If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

**ACCORDINGLY, by way of filing a letter with the Court <u>by no later than January 28, 2022</u>, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not dismiss this action without prejudice for failure to timely serve the Summons and a copy of the Complaint upon the Defendant. <u>PLAINTIFF IS ON NOTICE</u>: <u>If Plaintiff does not timely respond to this Order or does not show good cause for his failure to timely serve the Summons and Complaint, the Complaint will be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b)</u>.**

The Court reminds Plaintiff that he is required to advise the Clerk of Court as to any changes of address and a failure to do so may result in the dismissal of the case. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

Although Plaintiff paid the filing fee in this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

3

from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_/s/ JOANNA SEYBERT_____
JOANNA SEYBERT, U.S.D.J.

Dated:     January _11_, 2022
            Central Islip, New York