UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOMINIQUE PHILLIPS,

                Plaintiff,                          **MEMORANDUM & ORDER**

  -against-                                                21-CV-5681 (NM) (ARL)

UNITED STATES POSTAL SERVICE,

                Defendant.
----------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

    Plaintiff Dominique Phillips ("Plaintiff"), proceeding *pro se*, commenced this fee-paid civil action on October 4, 2021, and it was reassigned to the undersigned on October 14, 2022. For the reasons that follow, the Complaint is dismissed with leave to file an amended complaint.

**I.   Background**

    Plaintiff initially filed this action purportedly on behalf of himself and "The Wendler Family." ECF No. 1. Plaintiff asserts claims against the United States Postal Service ("USPS") for the alleged wrongful death of his wife, Antares Wendler-Phillips, who had been employed by the USPS. Plaintiff alleges that his wife was harassed by her supervisors at various USPS facilities where she worked from 2017 to 2019, and that the stress of this situation caused her to collapse on September 27, 2019, and led to her death on October 4, 2019. ECF No. 1 at 2-3. The complaint asserts jurisdiction under 42 U.S.C. § 1983 and § 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 2.

    Plaintiff paid the requisite filing fee to commence this action and was issued a Summons. ECF No. 2. By Order dated January 11, 2022, District Judge Joanna Seybert dismissed the Wendler Family as a plaintiff and directed Plaintiff to show cause why the action should not be dismissed for failure to timely serve the Summons and Complaint upon the defendant. ECF No. 6. On January 28, 2022, Plaintiff submitted a "Proof of Service" that claimed that the Summons was served on January 3, 2022, in person and by Express Overnight Mail, at 160 Duryea Road in

Melville, New York on John Korsiak, who, Plaintiff claimed, "is designated by law to accept service of process on behalf of . . . U.S.P.S. Secretary Administration." ECF No. 7. The submission does not allege that the Summons was served on the General Counsel of the Postal Service, who is the individual whom the Code of Federal Regulations provides: "shall act as agent for the receipt of legal process against the Postal Service." 39 C.F.R. § 2.2. To date, the USPS has not answered the complaint, nor has any counsel appeared on its behalf.

Also on January 28, 2022, Plaintiff requested that new judges be assigned to his case. ECF No. 8. On June 24, 2022, Judge Seybert denied the motion for recusal and directed Plaintiff to submit a status report by July 15, 2022, to explain how he intended to proceed or risk dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. ECF No. 9, at 4.

On August 29, 2022, Plaintiff filed a Status Report, ECF No. 14, and an Amended Status Report. ECF No. 16. The Amended Status Report does not address the service deficiency nor indicate how Plaintiff intends to proceed in this action. Instead, the submission renews Plaintiff's request for recusal of Judge Seybert and Magistrate Judge Arlene Lindsay, the judges initially assigned to this action, because of their rulings in prior cases Plaintiff filed on his own behalf against an Administrative Law Judge on the New York State Department of Labor Unemployment Insurance Appeal Board, and the Long Island Rail Road ("LIRR") and the United Transportation Union ("UTU"). ECF No. 16 at 4.[1] Whereas the Complaint in this action attributes Plaintiff's wife's death to the alleged harassment she experienced at her job in 2017-2019, the Amended Status Report "attributes her death to the pain and suffering caused by LIRR's and UTU's discrimination and by rulings in [Plaintiff's] suit against those [Parties]." *Id.* at 7. Plaintiff claims that "Phillips and his family had to endure emotional and undue distress,

---

[1] The submission includes a cover page and duplicate pages; accordingly, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

financial burden and hardship, embarrassment and humiliation, that ultimately contribut[ed] to Phillips's beloved wife's wrongful death." *Id*. He states, "Phillips intends to proceed with this action and 'redoubles his demand' by respectfully requesting from Judge Brodie to be reassign[ed] new judges on this case, and that his case be assigned to the U.S. Courthouse, in Brooklyn, New York." *Id.* Plaintiff attaches a letter from his wife's treating physician that includes the following statement:

> She had been under a tremendous amount of stress which began in 2012 after her husband, Dominque Phillips, was falsely terminated from his job. The stress was exacerbated in 2017 after a settlement conference. She was also under tremendous stress at work where she felt she was being harassed. There is a cardiac condition "Takotsubo cardiomyopathy" which causes damage to the heart. It is stress-induced and it is possible that this was the cause of my patient's death.

ECF No. 17 at 4.

Plaintiff previously filed an employment discrimination action against his employer, the LIRR, that was litigated in this Court for five years before it was dismissed on summary judgment. *Phillips v. Long Island Rail Rd. Co.*, No. 13-CV-7317 (JS)(ARL), 2019 WL 1757176, at *1 (E.D.N.Y. Mar. 4, 2019), *report and recommendation adopted*, 2019 WL 1758079 (E.D.N.Y. Mar. 25, 2019), *aff'd*, 832 F. App'x 99 (2d Cir. 2021).

On October 4, 2021, Plaintiff filed a separate wrongful death action in this Court alleging that his wife's death was caused by the alleged harassment and discrimination against Plaintiff by the LIRR from 2006-2012 and the stresses of Plaintiff's lengthy and ultimately unsuccessful litigation. *Phillips v. Long Island Rail Rd. Co., et al.*, No. 21-CV-5679 (RPK)(LB). That action was summarily dismissed because the claims against the LIRR and the labor union were barred by the doctrines of *res judicata* and collateral estoppel and the claims against the United States District Court for the Eastern District of New York were barred by sovereign immunity. No. 21-CV-5679 (RPK)(LB), slip op. (E.D.N.Y. Dec. 16, 2021).

## II. Procedural Issues

It does not appear that the USPS has been properly served in this action. The Code of Federal Regulations provides: "The General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service." 39 C.F.R. § 2.2. The General Counsel for the Postal Service is currently Thomas J. Marshall. *See* Law Department, https://about.usps.com/who/legal/ (last visited Dec. 2, 2022). Plaintiff does not indicate why the Summons and Complaint was served on John Korsiak or allege that this individual is the authorized agent to accept service on behalf of the USPS.

Plaintiff has expressed his displeasure with the judges initially assigned to his case. As it happens, Plaintiff's lawsuits were reassigned to a new district court judge, as a result of the normal administration of Court business, including the rebalancing of case assignments, when the undersigned took the bench. As Judge Seybert previously explained, Plaintiff's dissatisfaction with the Court's rulings in his prior cases is an insufficient basis to establish judicial bias requiring recusal. ECF No. 9 at 3-4. To the extent that Plaintiff seeks to renew his recusal motion, the motion for recusal of Judge Seybert is denied as moot and the motion for recusal of Judge Lindsay is denied for the reasons stated in Judge Seybert's June 24, 2022, Order.

## III. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). At the same time,

4

federal courts give special consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case *sua sponte* under certain circumstances. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (explaining that the authorization to dismiss a case *sua sponte* under 28 U.S.C. § 1915(d) applies whether or not a filing fee has been paid)."[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A cause of action may also be dismissed *sua sponte* when it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). A cause of action may also be dismissed *sua sponte* "when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

IV. **Discussion**

In this case, one basis for *sua sponte* dismissal of Plaintiff's complaint is that the only named defendant is immune from suit. "[S]overeign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity may be waived, but only if the government consents to suit. *See Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir. 1999). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted). Plaintiff has not identified any waiver of sovereign immunity. In the absence of a waiver of sovereign immunity, Plaintiff's wrongful death claims against the USPS are dismissed. *See Montero*, 171 F.3d at 760 (a complaint may be dismissed *sua sponte* when "it is clear the defendants are immune from suit").

Moreover, this federal court does not have jurisdiction over Plaintiff's claim for wrongful death, which is a potential state law claim. Plaintiff purports to assert the subject-matter jurisdiction of this Court pursuant to 42 U.S.C. § 1983 and § 1988. Section 1983 imposes liability for constitutional deprivations caused by state actors, while § 1988 sets forth some of the procedures for such cases. However, these federal laws do not apply to this case because Plaintiff has not alleged that any defendant is a state actor who has violated his constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), permits recovery for some constitutional violations by federal agents, even in the absence of a statute conferring such a right. *Carlson v. Green*, 446 U.S. 14, 18 (1980). Like actions brought against state officials pursuant to § 1983, a plaintiff's *Bivens* claims must be brought against the individuals personally responsible for the alleged deprivation of his constitutional rights, not against the federal government or the agencies where they are employed. *Meyer*, 510 U.S. at 486. Here, Plaintiff has not stated a claim against any individual federal agent, nor has he alleged that

any such individual violated any of his constitutional rights. Accordingly, there is no basis for the Court's subject matter jurisdiction over alleged constitutional claims in this matter.

However, the Federal Tort Claims Act ("FTCA") waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The only proper defendant under the FTCA is the United States, not any federal agency or federal officer, 28 U.S.C. § 2679(a). FTCA claimants must first exhaust their administrative remedies before filing a lawsuit in this Court. To exhaust his administrative remedies, Plaintiff must file a tort claim with the federal agency within two years after the claim accrues. 28 U.S.C. §§ 2675(a), 2401(b).

V. **Conclusion**

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and because the agency Plaintiff sues is immune from suit under the doctrine of sovereign immunity. In light of Plaintiff's *pro se* status, the Court grants leave to file an amended complaint. Should Plaintiff believe that he has a plausible claim under the FTCA, he may file an amended complaint naming the United States as the defendant and describing the efforts he made to exhaust his administrative remedies within the USPS. In this case, since the Complaint alleges that the actions of the United States Postal Service that form the basis for the harm asserted by Plaintiff occurred between 2017-2019, the two-year deadline for Plaintiff to file his tort claim with the agency may have already passed. *See* 28 U.S.C. §§ 2675(a), 2401(b). If Plaintiff did file such a claim within the two-year statute of limitations period, he should include those facts in his amended complaint.

7

Plaintiff is reminded that an amended complaint completely replaces the original complaint and must therefore stand on its own without reference to the original complaint. If filed, the amended complaint must be captioned "Amended Complaint," and bear the same docket number as this order, 21-CV-5681 (NM) (ARL). Should he choose to proceed, Plaintiff must also include proof of proper service on the named defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

All further proceedings shall be stayed for 30 days. If Plaintiff does not file an amended complaint by that deadline or show good cause why he cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case. Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                            */s/ Nina R. Morrison*
                                                            NINA R. MORRISON
                                                            United States District Judge

Dated:  December 6, 2022
           Brooklyn, New York