```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOMINIQUE PHILLIPS,

                    Plaintiff,                    MEMORANDUM & ORDER

       -against-                                  21-CV-5681 (NRM) (ARL)

UNITED STATES POSTAL SERVICE,

                    Defendant.
----------------------------------------------------------------X
```
NINA R. MORRISON, United States District Judge:

By Memorandum and Order entered December 6, 2022, the Court dismissed the above-captioned *pro se* complaint and granted Plaintiff Dominique Phillips leave to file an amended complaint. ECF No. 18. Plaintiff timely filed an Amended Complaint on March 7, 2023. ECF No. 21. Plaintiff's amended complaint fails to cure the deficiencies of the original complaint, and the action is hereby dismissed.

The original complaint claimed that the United States Postal Service ("USPS") was responsible for the alleged wrongful death of Plaintiff's wife, Antares Wendler-Phillips, by contributing to her stress and anxiety when she was employed by the USPS. ECF No. 1 at 3. In a subsequent submission, Plaintiff asserted that his wife's death was caused by her distress arising out of a lengthy litigation between Plaintiff and his own former employer, the Long Island Rail Road ("LIRR"), and his former union, United Transportation Union ("UTU"). ECF No. 16 at 5.

The Court's December 6, 2022 Memorandum and Order dismissed the Complaint because the only defendant was shielded from suit by sovereign immunity and because the Court did not have subject matter jurisdiction over Plaintiff's claim for wrongful death, which is a cause of action that arises under state law, not federal law. ECF No. 18 at 6. The Court also found that Plaintiff had not established a violation of his constitutional rights that could arise under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 18 at 6-7. The Court granted Plaintiff the opportunity to file an

amended complaint to assert claims under the Federal Tort Claims Act ("FTCA") by naming the United States as the defendant and describing any efforts he made to exhaust his administrative remedies within the USPS. *Id.* at 7-8.

Plaintiff filed an Amended Complaint on March 7, 2023. However, it again names the USPS as the only defendant and repeats the same factual allegations about Plaintiff's wife's employment at the USPS and the stresses caused by Plaintiff's litigation against the LIRR and UTU. ECF No. 21 at 1-2. It also blames the judges of this Court: "As a result of the Court's behavior towards Antares, she soon thereafter, was targeted at her workplace for her actions in the Court." *Id.* at 3. The Amended Complaint does not name the United States as a defendant, nor does it assert that Plaintiff previously filed a tort claim with the USPS, as would be required to exhaust any remedies prior to bringing a claim under the FTCA. *See* 28 U.S.C. §§ 2675(a), 2401(b). Accordingly, there are no grounds to waive sovereign immunity and no basis for this Court's subject matter jurisdiction against the only named defendant.

As the Amended Complaint does not cure the deficiencies in the original complaint and provides no other basis for this Court's jurisdiction, the action is hereby dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court previously dismissed the plaintiff's original complaint without prejudice and granted leave to amend. Although the Court explained why Plaintiff's pleading was defective and provided guidance as to how to cure the defects, Plaintiff failed to do so. Granting leave for further amendment of this complaint would be futile.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case and mail a copy of this Order and the Judgment to Plaintiff.

SO ORDERED.

*/s/ Nina R. Morrison*  
NINA R. MORRISON  
United States District Judge

Dated: April 19, 2023
       Brooklyn, New York